IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Vickie M. Stringer, | Case No. 1:25-cv-01703-PAB |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| Baker & Taylor, LLC, | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Plaintiff Vickie M. Stringer's ("Plaintiff") Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d) and to Reopen Case (the "Motion"). (Doc. No. 27.)  Defendant Baker & Taylor, LLC ("Defendant") has not filed an Opposition to the Motion.  For the reasons stated herein, the Court denies the Motion.

I.    **Introduction**

On March 17, 2026, Defendant filed a Suggestion of Bankruptcy.  (Doc. No. 25.)  Therein, Defendants represents that "it has filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the District of New Jersey, Trenton Division, which has been assigned case number 26-12863-CMG." (*Id.* at PageID #75.)  Accordingly, on March 18, 2026, the Court stayed this case pursuant to 11 U.S.C. § 362.  (Doc. No. 26.)

Then, on April 1, 2026, Plaintiff filed her Motion.  (Doc. No. 27.)  Therein, Plaintiff requests that the Court enter an order granting relief from the automatic stay and that the Court reopen the case.  (*Id.* at PageID #179.)  As support for her request, Plaintiff argues that:

> Cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(l). Prior to the bankruptcy filing, Defendant represented to Plaintiff that it maintains liability insurance and agreed to produce a copy of the insurance policy. Plaintiff's

claims for copyright infringement (17 U.S.C. § 501) and Lanham Act/trademark violations seek statutory damages that are typically paid from insurance proceeds rather than the bankruptcy estate's assets. Granting relief from the stay will therefore cause no prejudice to the bankruptcy estate or to other creditors.

In addition, Plaintiff's claims involve ongoing copyright and trademark infringement. The Sixth Circuit has held that the automatic stay does not bar continuation of suits to stop trademark and copyright infringement because such conduct constitutes a tort that is not protected by the Bankruptcy Code. *Dominic's Restaurant of Dayton, Inc. v. Mantia,* 683 F.3d 757 (6th Cir. 2012).

Reopening this case will promote judicial economy and allow the parties to resume the schedule set in the Case Management Conference Plan/Order (Doc. 22).

(*Id.* at PageID #178–79.)

II.    Analysis

The Court denies Plaintiff's Motion for a simple reason—it lacks jurisdiction.  11 U.S.C. § 362(d)(1) provides that "the court shall grant relief from the [automatic] stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."  Although Section 362(d)(1) uses the word "court" generally, the Sixth Circuit has held that "[t]he legislative history of § 362(d) unambiguously identifies the *bankruptcy* court as the exclusive authority to grant relief from the stay."  *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983) (emphasis in original); *see also Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("Accordingly, if no exception to the automatic stay permitted the Secretary's suit to go forward, the Western District of Tennessee had no jurisdiction to entertain the suit because the bankruptcy court in Florida had exclusive jurisdiction over the debtor and its property, including the records at issue in this case").  Therefore, this Court lacks jurisdiction to lift the automatic stay.  *See Bell v. Washington*, No. 21-cv-10705, 2023 U.S. Dist. LEXIS 228228, at *2 (E.D. Mich. Mar. 27, 2023) ("Bankruptcy courts have exclusive jurisdiction to grant relief from an automatic stay"); 3 Collier on

Bankruptcy ¶ 362.08 ("The bankruptcy court has exclusive jurisdiction to grant relief from the stay").  If Plaintiff believes she is entitled to relief from the automatic stay, she must present her request to the bankruptcy court.[1]

### III.     Conclusion

For the reasons stated herein, the Court denies the Motion.  (Doc. No. 27.)

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER

Date:  April 30, 2026                                  U. S. DISTRICT JUDGE

---

[1] The Court also finds that the automatic stay applies to this case notwithstanding Plaintiff's citation to *Restaurant of Dayton, Inc. v. Mantia,* 683 F.3d 757 (6th Cir. 2012).  Plaintiff cites *Mantia* for the proposition that "[t]he Sixth Circuit has held that the automatic stay does not bar continuation of suits to stop trademark and copyright infringement because such conduct constitutes a tort that is not protected by the Bankruptcy Code."  (Doc. No. 27, PageID #179.)  Although *Mantia* involved underlying trademark claims, the Sixth Circuit did not hold as such.  Instead, the *Mantia* Court held that the automatic stay did not apply to a contempt motion related to a temporary restraining order and a preliminary injunction that were entered prior to the filing of the debtor's bankruptcy petition.